**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4152**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TAYLOR LASHAE STALLINGS, a/k/a Taylor Leshae Stallings,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, Senior District Judge. (6:17-cr-00008-NKM-2)

Submitted: February 17, 2022                    Decided: February 22, 2022

Before AGEE and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Juval O. Scott, Federal Public Defender, Lisa M. Lorish, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant. Daniel P. Bubar, Acting United States Attorney, Kari K. Munro, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Taylor Lashae Stallings entered a conditional guilty plea to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). She was sentenced to a total term of 72 months' imprisonment. On appeal, Stallings' sole argument is that Hobbs Act robbery does not qualify as a proper predicate for the § 924(c) charge under § 924(c)(3)'s "force clause" because Hobbs Act robbery is not categorically a crime of violence. However, as Stallings concedes in her brief, this argument is foreclosed by binding precedent. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that Hobbs Act robbery categorically qualifies as "crime of violence" under "force clause" of § 924(c)(3)). Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*